UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CR-20248-GAYLES

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**WILLIAM GOODE**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant William Goode's Motion for Sentence Reduction Bearing Effect to COVID-19 Pandemic at Federal Prison Oakdale, Louisiana (the "Motion") [ECF No. 42]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is denied.

**I. BACKGROUND**

Defendant, a 66-year-old male,[1] is incarcerated at the Oakdale I Federal Correctional Institution ("FCI Oakdale I") with a projected release date of August 14, 2024. On July 19, 2018, the Court sentenced Defendant to 84 months of imprisonment, 15 years of supervised release, and a $5,100 special assessment for one count of receipt of visual depictions of minors engaged in sexually explicit content, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). [ECF No. 27 at 1–3, 6]. Although Defendant's sentencing guideline range was 121 to 151 months, [ECF No. 24 at 21], the Court determined that 84 months was sufficient but not greater than necessary. [ECF No. 27 at 2]. To date, Defendant has served over half of his prison sentence.

---

[1] Defendant was 64 years old at the time of filing the Motion.

1

Defendant submitted a request to the Warden at FCC Oakdale for compassionate release, which the Warden received on May 13, 2020; the Warden denied his request. [ECF No. 42 at 12]. On July 7, 2020, Defendant filed the instant Motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant alleges that his medical conditions place him at high risk of severe illness from COVID-19, creating extraordinary and compelling circumstances that justify a reduction in his sentence.

## II.     LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

§ 3582(c)(1)(A); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community." U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018).

Thus, in order to grant the Motion, the Court must make specific findings that: (1) Defendant exhausted his administrative remedies, (2) the § 3553(a) factors support Defendant's

compassionate release; (3) extraordinary and compelling reasons warrant Defendant's request; and (4) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017-BB, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

### III.    DISCUSSION

The Government does not dispute that Defendant satisfied § 3582(c)(1)(A)'s exhaustion of administrative remedies requirement. [ECF No. 46 at 3]. Thus, the Court turns to the merits of this compassionate release request. Though Defendant's medical conditions and advanced age may constitute extraordinary and compelling circumstances warranting release, the Court denies Defendant's Motion because the § 3553(a) sentencing factors do not support a modification of his sentence and Defendant remains a danger to the community.

#### A.    **Extraordinary and Compelling Reasons**

Though undefined in 18 U.S.C. § 3582(c)(1)(A)(i), extraordinary and compelling reasons under the Sentencing Guidelines include:

> **(A) Medical Condition of the Defendant.**
>
> > (ii) The defendant is--
> >
> > > (I) suffering from a serious physical or medical condition,
> > >
> > > (II) suffering from a serious functional or cognitive impairment, or
> > >
> > > (III) experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. In response to the recent pandemic, the Centers for Disease Control and Prevention ("CDC") delineated several conditions and risk factors that increase the risk of contracting COVID-19. *See* Ctrs. for Disease Control & Prevention, *People with Certain Medical Conditions*, CDC (May 2, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jun. 1, 2022).

Defendant alleges his hypertension, type two diabetes, coronary artery disease, high cholesterol, and skin cancer are serious medical conditions constituting extraordinary and compelling circumstances that warrant a modification of his sentence. [ECF No. 42 at 5–6]. Defendant's medical records reflect that he suffers from these conditions. [ECF No. 49 at 15–16]. Defendant also claims FCI Oakdale I has "been in evasion to extended medical consultation" for treatment of his conditions, [ECF No. 42 at 6], though the record indicates Defendant receives medication for his various chronic conditions. [ECF No. 49 at 15–16]. Having hypertension, diabetes, heart conditions, and a history of cancer may place an individual at heightened risk of severe illness from COVID-19.[2] *People with Certain Medical Conditions*. Additionally, Defendant is 66 years old, and "[m]ore than 81% of COVID-19 deaths occur in people over age 65." *Id.* Defendant's medical conditions in combination with his advanced age may substantially diminish his ability to provide self-care in prevention of severe illness from the highly infectious COVID-19 virus, thus constituting extraordinary and compelling circumstances. *United States v. Camacho-Duque*, No. 18-80238-CR, 2020 WL 5951340, at *6 (S.D. Fla. Oct. 5, 2020) (finding that defendant's hypertension, obesity, and diabetes diminished her ability to provide self-care within the environment of a correctional facility during the COVID-19 pandemic).

B. Section 3553(a) Factors

---

[2] Defendant previously tested positive for COVID-19 on May 20, 2020. He does not allege severe illness from COVID-19 or any related long-term effects. [ECF No. 42 at 6].

Even if Defendant's medical conditions may constitute extraordinary and compelling circumstances, the Court finds that the § 3553(a) factors do not support Defendant's release. Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary . . . ." 18 U.S.C. § 3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public;" (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victims." *Id.*

Though Defendant has no prior criminal history, [ECF No. 24 at 12], the instant offense is serious and has a continuing, significant impact on its numerous child victims.[3] *See United States v. Collier*, No. 18-CR-20095, 2020 WL 8258339, at *3 (S.D. Fla. Dec. 7, 2020) (noting that receipt of child pornography is a crime that causes long-term damage to its victims), *report and recommendation adopted,* No. 18-CR-20095-PCH, 2021 WL 230022 (S.D. Fla. Jan. 22, 2021). Over the course of approximately five years, Defendant received over one million images of child pornography and stored them on his personal computer, compact discs, and external hard drives. [ECF No. 24 at 7–10]. Numerous files involved children under the age of 12 who clearly appeared to be minors. *Id.* The "staggering volume" of child pornography in this case demonstrates that Defendant's conduct was "not a momentary lapse in judgment." *Collier*, 2020 WL 8258339, at *3 (finding that 20,500 photos and videos constituted a "staggering volume" of child pornography). Overall, Defendant fails to provide a new and convincing basis to justify sentence modification as his medical conditions existed prior to sentencing. [ECF No. 24 at 14–16]; *see United States v.*

---

[3] The long-term damage Defendant's actions caused to his victims is reflected in the victim impact letters that were submitted under seal to the Court. [ECF No. 47-2].

*Bueno-Sierra*, No. 93-CR-00567, 2020 WL 2526501, at *4 (S.D. Fla. May 17, 2020) (holding defendant's medical condition and the COVID-19 outbreak—the only basis for defendant's motion not considered by the court at the time of sentencing—did not warrant a sentence modification supported by the § 3553(a) factors). Thus, the sentence imposed on Defendant is "sufficient, but not greater than necessary." § 3553(a).

### C. Danger to the Community

The Court also finds that Defendant is a danger to the community. In so doing, the Court considers: (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against" Defendant; (3) "the history and characteristics of" Defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *See* 18 U.S.C. § 3142(g). Defendant presents a serious danger to children, and he fails to argue otherwise. *See United States v. Williams*, No. 5:13-CR-45-ACC-PRL, 2022 WL 1422895, at *10 (M.D. Fla. May 5, 2022) ("[F]ederal courts have been disinclined to grant compassionate release to petitioners convicted of crimes involving child pornography, even for vulnerable petitioners during the COVID-19 pandemic[.]" (citation omitted)). Additionally, the nature and circumstances of Defendant's offense implies a "strong risk of recidivism[.]" *United States v. Swindle*, No. 20-14711, 2021 WL 4944822, at *3 (11th Cir. Oct. 25, 2021) (per curiam). These circumstances disqualify Defendant from compassionate release.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, [ECF No. 42], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of June, 2022.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE